IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ESP PETROCHEMICALS, INC., | § § | CASE NO. 16-60020-H2-11 |
| ESP RESOURCES, INC., | § § | CASE NO. 16-60021-H2-11 |
| DEBTORS. | § | Joint Administration Requested |

**EMERGENCY MOTION FOR JOINT ADMINISTRATION OF CASES**
*******************************************************************************
**A HEARING ON THIS MOTION IS SCHEDULED FOR MONDAY, MARCH 14, 2016 AT 10:30 AM IN COURTROOM 400, 515 RUSK, HOUSTON, TX 77002.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**\*\* EMERGENCY RELIEF HAS BEEN GRANTED. YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE OR APPEAR AT THE SCHEDULED HEARING.**
*******************************************************************************
TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

ESP Petrochemicals, Inc. ("ESPP") and ESP Resources, Inc. ("ESPI") (collectively "ESP" or "Debtors") file this Emergency Motion for Joint Administration (the "Motion") pursuant to 11

{851254-00008 LKW 3/7/2016 01038262.DOCX 1 }

U.S.C. § 105(a), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of their respective chapter 11 cases.  The grounds for this Motion are as follows:

### Summary

1. ESP Petrochemicals, Inc. (Case No. 16-60020 H2-11) and ESP Resources, Inc. (Case No. 16-60021-H2-11) are affiliated entities with common ownership and management. ESPI is a publically traded holding company and ESPP is one of its wholly owned subsidiaries. ESPI has no independent operations apart from its subsidiaries.  Mr. David Dugas and Mr. Anthony Primeaux are significant shareholders of ESPI.  Dugas and Primeaux also manage the Debtors, Dugas is CEO of both entities and President of ESPI, while Primeaux is President of ESPP.  Dugas and Primeaux are also the sole members of the board of directors of ESPI.

2. The Debtors have essentially the same liabilities and same management. It would be a waste of judicial resources to conduct separate hearings on separate motions that will seek almost identical relief by the companies, who are operated by the same officers.

### I.     Jurisdiction

3. This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

### II.     Venue

4. Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) & (2) because the Debtors' principal places of business has been located in this district for more than 180 days preceding the filing of these bankruptcy cases.

### III.     Factual Background

5. The above captioned bankruptcy cases were each filed on March 10, 2016 (collectively "Petition Date"), under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C.

§§101 *et seq*. (the "Bankruptcy Code").  The Debtors continue to manage their property as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6. No trustee or examiner has been appointed in the Debtors' bankruptcy cases and no official committee of unsecured creditors has been established.

7. A detailed factual background of the Debtors' business and operations, as well as the commencement of these Chapter 11 cases, is more fully set forth in the *Declaration of David Dugas in Support of the Debtors' Chapter 11 Petitions and Requests for First-Day Relief* filed contemporaneously herewith and incorporated herein by reference.  A brief summary of the factual background is listed below.

8. ESPI is a publically traded holding company, with no independent operations apart from its subsidiaries.  ESPP is a wholly owned subsidiary of ESPI that manufactures, distributes, markets and supplies specialty chemicals for a variety of oil and gas field applications including killing bacteria, separating suspended water and other contaminants from crude oil, separating the oil from the gas, pumping enhancement, pumping cleaning, as well as a variety of fluids and additives used in the drilling and production process.  Customers of ESPP are typically oil and gas exploration customers who drill and operate wells.  The Debtors have common ownership and management.  Mr. David Dugas ("Dugas") and Mr. Anthony Primeaux ("Primeaux") are significant shareholders of ESPI.  Dugas and Primeaux also manage the Debtors. Dugas is CEO of both entities and President of ESPI, while Primeaux is President of ESPP.  Dugas and Primeaux are also the sole members of the board of directors of ESPI.

9. The Debtors have essentially the same liabilities and same management. It would be a waste of judicial resources to conduct separate hearings on separate motions that will seek almost identical relief by the companies, who are operated by the same officers.

10.     Since 2014, ESP has been negatively impacted by the decline in oil prices affecting the entire oil industry.  The rapid and unexpected decline in oil prices led to a significant decline in fracking activity by ESP's customers.  Five major customers account for over 60% of ESPP's revenue.  As a result of the of the sustained drop in oil prices, three of these customers discontinued fracking activity in the Eagle Ford and North Texas shale regions, causing ESP's revenue to drop by more than 36% in 2015.  Company sales through September 2015 were $5,600,198, compared to $8,814,225 for the same period in 2014.  This decrease in sales and liquidity caused the companies to default in obligations and the subsequent bankruptcy filings.

### IV.     Relief Sought

11.     The Debtors seek emergency relief for the Court to enter an order (i) granting joint administration of all of the captioned cases, (ii) directing that all motions and other docket entries be entered in the docket of case number 16-60020-H2-11 and (iii) directing that all hearings conducted in each bankruptcy case be conducted in case number 16-60021-H2-11.

12.     The Debtors shall file separate schedules and statements of financial affairs in each of their respective cases.

13.     The Debtors also desire that the Office of the U.S. Trustee be authorized to conduct joint 341 meetings.

14.     Separate claims registered should be maintained by the Clerk of the Court.

15.     At present, the Debtors plan to file a joint chapter 11 plan.

16.     The Debtors will file separate monthly operating reports.

### V.     Grounds for Relief

17.     Bankruptcy Rule 1015(b)(4) authorizes the joint administration of cases in which affiliates are debtors.  These Debtors are affiliates as defined by 11 U.S.C. § 101(2).

18. Bankruptcy Rule 1015 also requires the Court to give due consideration to protecting creditors of different estates against potential conflicts of interest. The Debtors do not seek to substantively consolidate their estates. Joint administration alone will not create conflicts between estates.

19. The Debtors seek joint administration of their chapter 11 cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b).

### Prayer

WHEREFORE, the Debtors request that the Court authorizes the joint administration of the above-styled bankruptcy cases and grants such other relief as is just.

DATED:   March 10, 2016

Respectfully submitted,

HOOVER SLOVACEK LLP

By:   */s/ Melissa A. Haselden*
MELISSA A. HASELDEN
State Bar No. 00794778
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile:  713.977.5395
haselden@hooverslovacek.com

PROPOSED ATTORNEYS FOR DEBTORS and
DEBTORS IN POSSESSION

**OF COUNSEL:**
Hoover Slovacek LLP
EDWARD L. ROTHBERG
State Bar No. 17313990
ANNIE CATMULL
State Bar No. 00794932
T. JOSH JUDD
State Bar No. 24036866
DEIRDRE CAREY BROWN
State Bar No. 24049116
BRENDETTA A. SCOTT
State Bar No. 24012219
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile:  713.977.5395